UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLE COLEMAN,<br><br>    Plaintiff<br><br>    v.<br><br>SONORA COMMUNITY HOSPITAL d/b/a Adventist Health Sonora,<br><br>    Defendant | CASE NO. 1:21-CV-0706 AWI SKO<br><br>ORDER VACATING JUNE 21, 2021 HEARING, ORDER REGARDING MOTION TO COMPEL, and ORDER REGARDING STIPULATION FOR ARBITRATION<br><br>(Doc. Nos. 4, 6) |

Currently set for hearing on June 21, 2021, is Defendant's motion to compel arbitration. See Doc. No. 4. On June 7, 2021, the parties filed a stipulation for arbitration. See Doc. No. 6. The stipulation acknowledges that a valid arbitration clause exists between the parties and that the arbitration clause covers all claims at issue in this case. See id. The parties indicate that they have agreed *inter alia* upon an arbitrator and that adequate discovery during arbitration will occur. See id. The parties request that the Court order them to participate in arbitration and stay this case pending arbitration. See id. The parties will not begin arbitration until the Court issues an order to arbitrate. See id.

Because the stipulation shows that the parties agree that Plaintiff's claims are all subject to arbitration and that arbitration is appropriate, there is no need for a hearing on Defendant's motion to compel. Pursuant to the parties' stipulation, the Court will order the parties to arbitration.

However, there is one aspect of the stipulation that requires additional explanation. When all of a plaintiff's claims are subject to arbitration, courts have the discretion to dismiss the case. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Gadomski v. Wells Fargo Bank N.A., 281 F.Supp.3d 1015, 1021 (E.D. Cal. 2017); Luna v. Kemira Specialty, Inc.,

575 F.Supp.2d 1166, 1178 (C.D. Cal. 2008).  It is this Court's general preference to dismiss a case instead of issuing a stay when all claims are subject to arbitration.  E.g. Carroll v. Dick's Sporting Goods, Inc., 2020 U.S. Dist. LEXIS 167754, *5-*6 (E.D. Cal. Sept. 14, 2020) (explaining rationale for dismissing action instead of issuing a stay when arbitration was ordered through stipulation of the parties).

In order for the parties to explain why a stay in this case, as opposed to a dismissal, is necessary, and in order to quickly facilitate the beginning of the parties' arbitration, the Court will give the parties a short period of time to respond to the Court's concerns over issuing a stay.  At this time, the Court will vacate the June 21 hearing date and deny the motion to compel as moot in light of the stipulation.  Once the Court receives the parties' response, the Court will order the parties to arbitration and decide whether to stay or dismiss this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The June 21, 2021 hearing on Defendant's motion to compel is VACATED;
2. Defendant's motion to compel (Doc. No. 4) is DENIED AS MOOT in light of the parties' June 7, 2021 stipulation for arbitration;
3. As soon as possible, but no later than 1:00 p.m. on Monday, June 14, 2021, the parties may file a supplement that explains the necessity for the Court to issue a stay in this matter, as opposed to dismissing the case, while the parties pursue arbitration; and
4. The failure of the parties to file a supplemental brief will be construed as a representation that there are no objections to ordering arbitration and dismissing the case.

IT IS SO ORDERED.

Dated:   June 8, 2021                                       _____
                                                                              SENIOR  DISTRICT  JUDGE